IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-00441-CR-W-GAF |
| VERNA CHERYL WOMACK, | |
| Defendant. | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING
ALLEGATIONS OF GOVERNMENT OR AGENT MISCONDUCT**

The United States of America, through the undersigned attorneys, files this motion *in limine* to preclude the defendant from presenting any evidence or argument that supports an allegation of prosecutorial misconduct or misconduct by agents and employees from the Internal Revenue Service – Criminal Division, the Federal Bureau of Investigation, or other government agencies.

**I.  Background**

On many occasions during the pendency of this case, the defendant has made allegations, both in pleadings and more informally, regarding prosecutorial and agent misconduct. Such allegations were the primary focus of the defendant's seven motions to dismiss and to suppress evidence, and extensive evidence concerning the allegations was presented to Judge Hays in a seven-day suppression hearing this summer.

In Doc. 67, the defendant moved to suppress illegally seized evidence, which the Government obtained from Ms. Womack's former employee, Brandy Wheeler, who copied the evidence, including Wheeler's own emails concerning Ms. Womack's personal and business dealings, while she was still employed by Ms. Womack.

In Doc. 69, the defendant moved to suppress the Government's evidence obtained under the Tax Information Exchange Agreement ("TIEA") treaty between the United States and the Cayman Islands. The defendant alleged that case agents and other American government officials intentionally provided false information to the Cayman Islands in order to obtain the records, and that the records were improperly and illegally used to charge this case, alleging obstructing and impeding the IRS, which they allege is not tax evasion, and is not otherwise a type of case the TIEA allows the records to be used for.

In Doc. 71, the defendant moved to suppress her statements obtained by the FBI in interviews, and by DOJ Tax Division in a deposition in the *United States v. Allen Davison* civil case, due to various allegations of deception, coercion, unfair treatment of a crime victim, and other misdealing by the agents and government attorneys.

In Doc. 75, the defendant moved to dismiss the indictment due to alleged violations of defendant's due process rights under the Fifth Amendment. These allegations included: (1) searching for and seizing documents, without a warrant, in violation of the Fourth Amendment, off of electronic evidence stolen by defendant Brandy Wheeler, a former employee of Ms. Womack's, who was convicted of felony bank fraud for embezzling more than one million dollars from Ms. Womack; and then subsequently utilizing the tainted evidence to execute a TIEA on the Cayman Islands, and obtain statements from Ms. Womack; (2) obtaining evidence and statements in violation of statutory rights conferred on Ms. Womack by virtue of her statutory designation by the Government as the crime victim under the Crime Victims' Rights Act ("CVRA"); (3) illegally and improperly utilizing civil IRS and DOJ civil tax attorneys to aid in the criminal investigation; and compelling Ms. Womack to testify in the district to obtain venue and in violation of her Fifth Amendment rights, despite a valid protective

2

order in a civil case prohibiting their use outside of that case; (4) abuse of the TIEA with the Cayman Islands, and detention of a resident of the Cayman Islands in circumvention of the TIEA; (5) unlawfully disclosing Ms. Womack's tax return information in violation of 26 U.S.C. § 6103(a); (6) unwarranted ex parte communications by the Government with the Court.

All of these issues were exhaustively briefed and counter-briefed by the parties. The Government called over one dozen witnesses in the course of seven days, including three case agents and cooperating defendant Brandy Wheeler. Counsel for Womack cross examined each of them, and presented Womack's own witnesses, including an expert witness, who was briefly the Assistant Attorney General in charge of the DOJ Tax Division, to testify on her behalf. Although these issues are fully before the Court, and they remain ripe for decision, the defendant has continued to engage in a prolonged strategy of prosecuting the Government's case and its officers ever since.

On March 20, 2015, defense counsel contacted the Assistant Attorney General, Tax Division, by letter to complain of alleged instances of prosecutorial misconduct and alleged professional misconduct by the case agents. Essentially the nine-page letter was a regurgitation of Womack's motions to dismiss and suppress, with additional allegations made of selective prosecution and supposed lies and deception on the part of nearly every investigator, government employee and attorney involved in the case. Defense counsel attached her seven suppression motions as exhibits and concluded by characterizing the Government's efforts as an "any-means-necessary approach to netting a 'big fish' like Ms. Womack." On April 22, 2015, defense counsel followed up with a second letter. For seven pages, counsel raised more allegations of government misconduct.

3

On April 30, 2015, defense counsel sent a letter to the special agent in charge of the Kansas City FBI alleging, among many other charges, that Womack was being targeted because she is a Republican. Counsel essentially vouched that in all their years as FBI agents, Assistant U.S. Attorneys, and in the defense bar, defense counsel had never seen such an impermissibly selective prosecution. Specifically, counsel alleged:

> [I]t is abundantly clear that the U.S. Attorney's Office-WDMO's handling of this case is unprecedented and in drastic contrast to all of the white collar matters handled during our own time as federal prosecutors at our respective offices within the U.S. Department of Justice (USAO-WDMO, USAO-EDMO, and the DOJ Tax Division). Further, even during our time on the defense bar, none of us have seen any U.S. Attorney's Offices so obsessed in a prosecution. It is unclear if this is because of Ms. Womack's involvement with the Republican party, the high profile nature of the case, or some other unjustifiable reason.

The defendant is currently attempting to intervene in a proceeding in the Cayman Islands to determine whether certain employees of Willis Towers Watson can provide testimony in connection with the defendant's criminal case in the Western District of Missouri without running afoul of Cayman privacy laws. Again, in support of their attempts to disrupt the criminal case, the defendant alleged various abuses by the prosecutors, agents and other officers of the Government. Most recently, the defendant has been repackaging Womack's alleged misconduct motions to dismiss and suppress evidence as motions *in limine*.

Because of the repetition and length of the defense's stratagem – prosecuting the Government at every possible opportunity rather than answering the substantive allegations in the indictment – the Government is confident that if given the opportunity, defendant Womack will attempt to make the trial about their specious government misconduct allegations rather than rebutting the substance of the grand jury's indictment against Ms. Womack with relevant evidence and argument. Such argument to a jury is improper and is akin to asking for jury

4

nullification. These arguments have been fully and exhaustively made to this Court through motions practice, in the newspaper, and in the offices of various government agencies, and that is where they should be stay; not in the courtroom before the jury.

## II. Argument

A motion to dismiss an indictment on account of outrageous government conduct is directed to the Court rather than jury. *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997); *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) ("All of the circuits that have considered the question have held that the issue of outrageous government conduct is not a jury question"); *United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir. 1973).

In *Regan*, the Second Circuit upheld the district court's denial of the defendant's attempt to argue government misconduct to the jury. *United States v. Regan*, 103 F.3d 1072, 1081 (2d Cir. 1997). In so doing, the Court stated that despite the defendant's "attempt[ ] to characterize his claim . . . as an affirmative defense" to his crime of conviction, his proposed argument clearly turned "not on the fact that his conduct was somehow blameless or justified, but rather on the notion that 'outrageous governmental conduct' required dismissal of the indictment." *Id.* at 1081-82. On that basis, the Court concluded that the defendant's argument was more appropriately directed to the Court rather than to a jury. *Id.* at 1082 ("[W]e agree with the district court's decision to resolve for itself whether the government's conduct was lawful and to prevent [the defendant] from presenting evidence [to the jury] on that subject"). *See also United States v. Young*, 283 Fed. Appx. 858, 860-61 (2d Cir. 2008); *United States v. Abboud*, 438 F.3d 554, 579-80 (6th Cir. 2006) (holding that where "Defendants did not make a 12(b)(1) motion based on selective prosecution before trial and thus waived the issue," the "district court did not err in preventing Defendants from presenting evidence of this waived defense at trial");

5

*United States v. Infelise*, 1991 WL 251651, *2 (N.D. Ill. Nov. 19, 1991) (precluding questions "designed to imply that the government engaged in outrageous conduct toward the defendants. . . . The various law enforcement agents testifying in this case are not on trial, the defendants are.").

Rule 12 of the Federal Rules of Criminal Procedure requires the defendant to raise certain defenses prior to trial or they are deemed to be waived. The proper forum for the defense to raise these arguments was before this Court, which it did. The Court has received the defendant's four motions to suppress and dismiss for alleged prosecutorial and agent misconduct. Through ruling on these motions, the Court will afford the defense its full proper opportunity for a remedy. Similar argument and allegations concerning "putting the government on trial" should be precluded at trial, especially because there is no ruling by any court that Government officials acted improperly in any way. When a defendant raises a dispositive legal defense prior to trial in a motion to dismiss or suppress, and that motion is denied, the defendant should be precluded from relitigating the issue at trial. Moreover, defenses that are legal in nature and not factual defenses are for the consideration by the Court and not the jury. The defense should not now be allowed to raise the same arguments before the jury. Likewise, the defendant's allegations of other misconduct, in the Cayman Islands and elsewhere, are likewise entirely irrelevant to this case. The defense should be precluded from offering any argument or evidence relating to any of the above subjects, and to the defendant's prosecution generally.

Such extraneous issues are both irrelevant and highly prejudicial. To ensure the fair and effective functioning of the Courts, it is essential to maintain the proper division between the jury, as finder of fact, and the Court, as interpreter of law. The role of the trial judge is to instruct the jury on the law, so the jury may apply the law to the facts and determine the

defendant's guilt as to every element of the crime with which she is charged. *Ho v. Carey*, 332 F.3d 587 (9th Cir. 2003). Under the Federal Rules of Evidence, the jury should not be exposed to inadmissible evidence. *See* Fed. R. Evid. 103(c). It is fundamental that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "For evidence to be relevant it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (internal citations omitted); *United States v. Click*, 807 F.2d 847, 850 (9th Cir.1987). Evidence should be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Fed. R. Evid. 403; *Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971, 980 (9th Cir. 2009). This is undoubtedly the case when arguments for prosecutorial and agent misconduct, which are tangential to the actual issues in the case, are presented to the jury.

As such, evidence and allegations concerning prosecutorial and agent misconduct should be wholly excluded from the trial. The defendant should not be allowed to relitigate her numerous and irrelevant government misconduct allegations again before the jury, including that government agents improperly disclosed her tax information to Brandy Wheeler or others; the Government needed a search warrant to inspect Brandy Wheeler's copy of her own emails; alleged privilege violations; selective or vengeful prosecution of Womack, including due to supposed partisan motivation, or an animus towards the wealthy; improper collusion between government civil and criminal components; grand jury violations; misconduct related to the

7

Government's TIEA requests; discovery violations; mistreatment of the defendant under the Crime Victims' Rights Act ("CVRA") because she was a victim in the Wheeler embezzlement case when this investigation began; or other similar types of alleged misconduct.

## III. Conclusion

For these reasons, the United States respectfully requests this Court to issue an order precluding defendant Womack from raising any allegations of government misconduct before the trial jury. Alternatively, the Government requests this Court to issue an order requiring that, prior to raising an allegation of government misconduct, and prior to asking any question likely to elicit such information, defense counsel be required to ask to approach to inform the Court, outside the hearing of the jury, regarding the relevancy and admissibility of any such information, and providing the Government with a fair opportunity to object.

        Respectfully submitted,

        Tammy Dickinson
        United States Attorney

By    */s/ Daniel M. Nelson*

        Daniel M. Nelson
        Assistant United States Attorney

        Charles Evans Whittaker Courthouse
        400 East 9th Street, Room 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 4, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Daniel M. Nelson*
Daniel M. Nelson
Assistant United States Attorney