IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00441-01-CR-W-GAF |
| ) | |
| VERNA CHERYL WOMACK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is currently before the Court on Defendant Verna Cheryl Womack's Motion for the Return and Destruction of Property (doc #58). Defendant Womack moves this Court pursuant to Fed. R. Crim. P. 41(g) and 16(a)(1)(E), for an Order requiring the government to:

(1) Turn any and all storage drives containing stolen information over to Ms. Womack, including any stolen computers, CDs, or other media storage devices;

(2) Destroy all copies of stolen documents the government created or maintained;

(3) Retrieve from Defendant Brandy Wheeler, a convicted felon, any and all copies of documents that Wheeler stole from Ms. Womack; and

(4) Retrieve any tax returns or returns information … the government disclosed to third parties, including Defendant Brandy Wheeler, and ensure that any copies of tax returns or tax return information in the hands of third parties are permanently destroyed.

(Defendant Verna Cheryl Womack's Motion for the Return and Destruction of Property (doc #58) at 1)

The Court will first address defendant's arguments as they relate to the "stolen" documents. Rule 41(g) provides in part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Defendant

Womack filed a Motion to Suppress Illegally Searched and Seized Electronic Evidence (doc #67) which is the subject of a Report and Recommendation (doc #182). In that Report and Recommendation, this Court recommended the denial of defendant's motion to suppress electronic evidence finding that there was no unlawful search and seizure of Brandy Wheeler's e-mails and the files from the F and S drives. Thus, given the Court's recommendation that there was no unconstitutional search and seizure of this electronic evidence, there can be no person aggrieved by an unlawful search and seizure of this property as referenced in Rule 41(g). Further, there has been no deprivation of this property as defendant Womack not only retained the originals of this electronic evidence, but the government has also provided in discovery to Womack copies of all electronic files taken by Wheeler. See United States v. Geekie, No. 08-CR-20064, 2009 WL 2413883, at *2 (C.D. Ill. Aug. 4, 2009)("If the government has allowed a defendant access to seized business records, a district court may properly deny a motion for return of property pursuant to Rule 41(g). *In re Search of 2847 East Higgins Road, Elk Grove Village, Illinois*, 390 F.3d 964, 968 (7th Cir. 2004).") Rule 41, therefore, provides no basis for the return of this property to defendant Womack.

Rule 16(a)(1)(E) provides in part that the government must permit the defendant to inspect and to copy or photograph items within the government's possession, custody, or control if the item was obtained from or belongs to the defendant. As set forth above, the government has provided in discovery to defendant Womack copies of all electronic files taken by Wheeler. The government has met its obligations to defendant under Rule 16(a)(1)(E).

The Court does note, however, that it found the following in the Report and Recommendation on defendant's Motion to Suppress Illegally Searched and Seized Electronic Evidence regarding certain items of electronic evidence:

> There was some electronic evidence provided to authorities by Brandy Wheeler with which Wheeler was not familiar, i.e. a laptop associated with CARD Aeronautics. Further, Wheeler found and turned over to authorities some disks which were copies of files from years earlier that Wheeler had at her home. In order to avoid any Fourth Amendment violations, the government may not exceed the scope of what the private party actually viewed or had authority to view. See Walter v. United States, 447 U.S. 649, 657 (1980). Thus, any evidence procured from the CARD Aeronautics laptop would likely be suppressed. While it appears that Wheeler was familiar with the information on the old disks as she had used them in her work at VCW Holding, the government has agreed that it will not use this evidence at trial. "The United States has concluded that the only items of electronic evidence obtained from Wheeler that it intends to offer at trial are the contents of Wheeler's own email account." (Government's Surreply (doc #134) at 1) Further, it does not appear that this electronic evidence provided the government with any leads in its case as the laptop was not examined "until years later in preparation for the motions in this action," and there was no evidence presented to suggest that the old disks have been utilized by the agents. Thus, any evidence provided by Wheeler to the government with which Wheeler was not familiar and which was not used by the government in developing its case against defendant Womack is a moot issue as the government has advised that it will not be used at trial.

(Doc #182 at 20-21)(footnote and references to record omitted) Thus, the government has some items in its possession, i.e. the CARD Aeronautics laptop and the old disks Brandy Wheeler had used in her work at VCW Holding, which defendant claimed were unlawfully searched and seized, but the Court found it unnecessary to rule the suppression issue. These items should be returned to defendant Womack.

The Court will next address defendant's arguments as they relate to the tax return information. Testimony was taken at the hearings held in this case to suggest that David Flassing, an IRS attorney, and IRS Special Agent Joseph Schmidt did provide Brandy Wheeler with return information relating to defendant Womack. With respect to the return information provided by Mr. Flassing to Wheeler, Wheeler repeatedly testified that she did not still have the documents that Flassing sent her. (See Tr. at VI-206, VI-207, VI-208 and VI-240) Thus, there is nothing for the government to retrieve from Wheeler with respect to these documents. With

3

respect to the Special Agent Schmidt, it appears that Schmidt provided Wheeler with information on two occasions: (1) on July 30, 2012, Special Agent Schmidt attempted to provide by e-mail and then faxed Womack's 2005 Tax Organizer to Wheeler (Tr. at VII-81 to VII-86); and (2) in December 2012, Special Agent Schmidt had Wheeler come to his office to review three tax returns (i.e. 2002 Mysis tax return, 2002 PAS tax return, and 2002 personal return for Womack) (Tr. at VI-213; Tr. at VII-16 to VII-17). There is no evidence to suggest that Special Agent Schmidt made copies of the tax returns he discussed with Wheeler for her to keep, instead Wheeler came to Schmidt's office to look at the returns. Thus, there is nothing for the government to retrieve from Wheeler with respect to these returns.

As for the 2005 Tax Organizer, Brandy Wheeler testified that Special Agent Schmidt did not ask her to destroy the Tax Organizer that was e-mailed and then faxed to her. (Tr. at VI-213) Wheeler testified that the e-mail, which she was never able to open, may still exist there. (Tr. at VI-214) Wheeler was not asked if she still had the copy of the 2005 Tax Organizer which was faxed to her. The government argues that while Rule 41(g) might require the government to obtain evidence from third parties for discovery purposes, it does not provide for the retrieval of evidence from third parties. While this may be true, the Court finds that where the government has provided the third party with the evidence in the first place,[1] it should then be required to retrieve it from that third party. Thus, if Brandy Wheeler retained any copies of the 2005 Tax Organizer provided to her by Special Agent Schmidt, the government is directed to retrieve those copies and provide them to defendant Womack.

Based on the foregoing, it is

---

[1] The Court is making no ruling with respect to whether or not the disclosure of return information was authorized under 26 U.S.C. § 6103.

4

ORDERED that Defendant Verna Cheryl Womack's Motion for the Return and Destruction of Property (doc #68) is granted in part and denied in part as set forth above.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE
